# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WILLIAM BAILEY,<br><br>                Plaintiff,<br><br>       v.<br><br>GOVERNOR OF THE STATE<br>OF OHIO, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:05-CV-00992-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(Doc. 1) |

I.       Findings and Recommendations Following Screening of Complaint

         A.       Screening Requirement

Plaintiff Rodney William Bailey ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 3, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467
4  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this
6  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395
9  U.S. 411, 421 (1969).

10  B.  Plaintiff's Claims

11  Plaintiff is suing the Governor of the State of Ohio, the Scioto County Sheriff's Department
12  (in Ohio), the California Department of Corrections, and the California Board of Prison Terms. The
13  basis of plaintiff's claim is that he was extradited back to California on a parole violation while his
14  criminal case in Ohio was still pending. Plaintiff seeks an injunction mandating his return to the
15  State of Ohio so that he may face his charges there and other unspecified available relief.
16  In his complaint, which is conclusory in nature, plaintiff alleges that he sought assistance
17  from CDC to comply with section 1389 of the penal code but his request was rejected. Section 1389
18  of the California Penal Code allows a prisoner in one jurisdiction to demand that he be tried within
19  one-hundred eighty days on an untried indictment, information, or complaint in another jurisdiction
20  where a detainer based on the untried indictment, information, or complaint has been lodged against
21  him by the district attorney. Cal. Penal Code § 1389 (West 2005). Unless and until the district
22  attorney's office in Scioto County has a lodged a detainer against plaintiff based on the untried
23  charges against him, plaintiff may not invoke the protections of the Interstate Agreement of
24  Detainers, as set forth in section 1389.
25  Regardless of whether or not a detainer has been lodged against plaintiff, this court does not
26  have jurisdiction over authorities in the State of Ohio. To the extent that plaintiff has a remedy, it
27  must be pursued in the jurisdiction where charges are pending against him. Further, under principles
28  of comity and federalism, a federal court should not interfere with ongoing state criminal

proceedings by granting injunctive or declaratory relief except under special circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex County Ethics Comm. V. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 223 (9th Cir. 1994).

With respect to CDC and the Board of Prison Terms, plaintiff has alleged no grounds upon which to base a claim under section 1983. First, defendants are not "persons" under section 1983 and defendants are entitled to sovereign immunity. See <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990); <u>Hale v. State of Arizona</u>, 993 F.2d 1387, 1398-99 (9th Cir. 1993); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Second, the crux of plaintiff's claim is that his inability to face the charges against him in Ohio is violating his rights. As set forth in the preceding paragraph, this is an improper forum for plaintiff to raise that claim.

C. <u>Conclusion</u>

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 16, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE